# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

LAW OFFICES OF NONA L. OSTROVE, LLC
1000 White Horse Road, Suite 703
Voorhees, NJ 08043
856-566-4200; (Fax) 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
Attorneys for Le Club I Condominium Association, Inc.
BY:  Nona L. Ostrove, Esq.   NO 2942

| In re: | : | IN BANKRUPTCY |
|---|---|---|
|  | : | CHAPTER 13 |
| John O. Poindexter, III | : |  |
|  | : | CASE NO. 17-27156/ABA |
|  | : |  |
| Debtors | : |  |

## OBJECTION TO SECOND APPLICATION TO EXTEND TIME
## TO FILE SCHEDULES

Le Club I Condominium Association, Inc. through its attorneys, Law Offices of Nona L. Ostrove, LLC, objects to additional time to file schedules for the following reasons:

1. Le Club I Condominium Association, Inc. ("Le Club") is a creditor of John O. Poindexter, III by reason of unpaid condominium assessments owed on the debtor's unit at 438 Kelham Ct. Mt. Laurel, NJ.  These assessments are secured by provision of the Master Deed and various liens filed with the Burlington County Clerk's Office with the first lien having been filed as of November 28, 2006.

2. Le Club objects to any additional extensions of time for this debtor to file his bankruptcy schedules.  Mr. Poindexter is repeating a pattern that began with his last bankruptcy and that pattern only creates delay prejudicial to creditors.

3. This is the second bankruptcy that Mr. Poindexter filed this year.  He filed a previous case (Case No. 17-27156) on March 1, 2017.   In that case, he filed a motion to extend

time to file schedules claiming that the emergent need to file a petition to avoid a sheriff's sale prevented him from having all schedules ready in time. He finally filed schedules on March 29, 2017. The case, however, was dismissed on May 24, 2017 for "failure to attend the Section 341(a) meeting, to make all required pre-confirmation payments to the Trustee; to provide all required documents to the Trustee; to file tax returns; to provide evidence of incomel; to attend Confirmation Hearing" as per the docket entry on May 24, 2017. In other words Mr. Poindexter failed to meet any of the requirements of a Chapter 13 debtor.

4. Instead of filing a motion to reinstate that bankruptcy, Mr. Poindexter again waited until the eve of the next scheduled sheriff's sale on his condominium (August 24, 2017) and again filed a bare bones petition with no schedules despite the fact that a full set of schedules had just been filed in March of this year in a prior bankruptcy.

5. Mr. Poindexter was already granted an initial extension to file schedules and filed this present motion to extend AFTER the deadline to file those schedules passed. (The deadline was September 20, 2017, the current motion was filed in the early hours of September 21, 2017).

6. Mr. Poindexter also claims he needs additional time to file business and individual tax returns and a proof of claim filed by the Internal Revenue Service in this bankruptcy indicates that he still has not filed individual tax returns for 2013, 2014, 2015 and 2016. This court should be aware that during state court litigation between Le Club and Mr. Poindexter involving a judgment entered against Mr. Poindexter's law firm, per court order, Mr. Poindexter produced for counsel's inspection on February 11, 2016 completed corporate tax returns for 2013 and 2014 for his law firm. It was assumed those returns were filed with the Internal Revenue Service so individual returns could follow shortly thereafter.

7. It is clear that this time, Mr. Poindexter, having filed a previous case this year, was on notice of the need to file complete schedules and all tax returns. He had three months from the dismissal of his prior case to get his financial affairs in order prior to the sheriff's sale scheduled on August 24, 2017.

8. Instead of fulfilling his obligations under the Bankruptcy Code, there is only a new pattern of delay that is prejudicial to creditors, especially to this homeowner's association where he continues to reside and receive benefits for which he is not paying. Le Club needs the sheriff's sale to move forward probably even more than the mortgage company.

9. If the court is inclined to grant one more extension, Le Club requests that the extension be as short as possible and the order provide that no further extensions will be allowed.

WHEREFORE, Le Club I Condominium Association, Inc. requests that this Court enter an Order denying Mr. Poindexter's request to extend time to file schedules and that the case be dismissed for failure to file schedules and for such further relief as the court may deem proper and just.

> LAW OFFICES OF NONA L OSTROVE, LLC
> Attorneys for Le Club I Condominium Assoc. Inc.
>
> BY:   /s/Nona L. Ostrove
>           Nona L. Ostrove, Esq.

Dated: September 25, 2017